IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Peggy Palmer, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 3:14-CV-378 |
| Resurgent Capital Services, LP, LVNV Funding, LLC, Northland Group, Inc., and Financial Recovery Services, Inc. | ) Jury Trial Demanded |
|       Defendants | ) |

COMPLAINT

INTRODUCTION

1. This is an action for damages against the Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq.

JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereafter referred to as "FDCPA") by Defendant, in its illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here,

Defendants transacts business here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

5.  The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 4 above as if set forth fully herein.

6.  Plaintiff, Peggy Palmer (hereafter referred to as "Plaintiff" and/or "Mrs. Palmer") is a resident of this State, District and Division who is authorized by law to bring this action.

7.  Defendant Resurgent Capital Services, L.P. (hereinafter referred to as "Defendant Resurgent") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a foreign limited partnership in Delaware with its principal office located at MAIL STOP 425, Suite 300, 55 Beattie Place, Greenville, SC 29601-2127 and maintains Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312, as its registered agent for service of process.

8.  Defendant LVNV Funding, LLC (hereinafter referred to as "Defendant LVNV") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a foreign limited liability company in Delaware with its principal office located at Suite 3, 625 Pilot Road, Las Vegas, NV 89119-4485 and maintains Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312, as its registered agent.

9.  Defendant Northland Group, Inc. (hereafter referred to as "Defendant Northland") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a for-profit foreign corporation organized in Minnesota with its principal office located at 7831 Glenroy Road, Suite 250, Edina, MN 55439-3117 and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

10. Financial Recovery Services, Inc. (hereafter referred to as "Defendant Financial")

2

Case 3:14-cv-00378-PLR-HBG   Document 1   Filed 08/08/14   Page 2 of 13   PageID #: 2

is a "debt collector" as defined by 15 U.S.C. §1692A(6), and a foreign limited liability company organized in Minnesota, with its principal office located at 4900 Viking Drive, Edina, MN 55435-5302 and maintains CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710 as its registered agent.

11. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

12. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 10 above as if set forth fully herein.

13. Defendants' allege Plaintiff incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. Asset Management Professionals, LLC (hereafter referred to as "AMP") sent a collection letter dated April 10, 2012. A copy of the April 10, 2012 collection communication is attached hereto as Exhibit A and incorporated herein by reference.

15. The April 10, 2012 collection letter stated (a) that the current account holder was LVNV Funding and the original creditor on the account was HSBC Bank Nevada National Association (b) the last four digits of the original account were 3369, (c) the last four digits of the reference number for AMP were 8034, and (4) the Plaintiff owed a balance of $833.82. See Exhibit A.

16. Thereafter, Defendant Northland sent Mrs. Palmer a collection letter dated May

3

10, 2012. A copy of the May 10, 2012 collection communication is attached hereto as Exhibit B and incorporated herein by reference.

17. The May 10, 2012 collection letter stated (a) that the current account owner as LVNV Funding, LLC and the previous creditor as HSBC Bank Nevada Natio/Best Buy; (b) the last four digits of the original account were 3369, (c) the last four digits of Defendant Northland's account were 2848, and (4) the Plaintiff owed a balance of $848.71. See Exhibit B.

18. Defendant Northland sent Mrs. Palmer a subsequent collection letter dated September 14, 2012. A copy of the September 14, 2012 collection communication is attached hereto as Exhibit C and incorporated herein by reference.

19. The September 14, 2012 collection letter stated (a) that the current account owner as LVNV Funding, LLC and the original creditor as HSBC Bank Nevada Natio/Best Buy; (b) the last four digits of the original account were 3369, (c) the last four digits of Defendant Northland's account were 2848, and (4) the Plaintiff owed a balance of $867.72. See Exhibit C.

20. Defendant Financial sent a collection letter dated April 17, 2013. A copy of the April 17, 2013 collection communication is attached hereto as Exhibit D and incorporated herein by reference.

21. The April 17, 2013 collection letter stated (a) that the current client as Resurgent Capital Services, LP and the current creditor as LVNV Funding LLC regarding Best Buy (b) the last four digits of the account as 3369, (c) the last four digits of the reference number for FRS as 0868, and the last four digits of a pin number as 4977 and (4) the Plaintiff owed a balance of $898.96. See Exhibit D.

22. Mrs. Palmer is of the knowledge, information and belief Defendant LVNV is acting in behalf of Defendant Resurgent.

4

23. Within a year prior to the filing of this Complaint, Defendant Financial sent a subsequent collection letter dated October 17, 2013 to Mrs. Palmer.

24. The October 17, 2013 collection letter from Defendant Financial was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the October 17, 2013 collection communication is attached hereto as Exhibit E and incorporated herein by reference.

25. The October 17, 2013 collection letter stated (a) that the client as Resurgent Capital Services, LP and the current creditor as LVNV Funding LLC and the original creditor as HSBC Bank Nevada, N.A. regarding Best Buy (b) the last four digits of the account as 3369, (c) the last four digits of an on-line pin number as 4977, and (4) the Plaintiff owed a balance of $925.86, $770.65 stated as principal and the balance on interest as $155.21. See Exhibit E.

26. Only an month later, Mrs. Palmer received a collection letter from Defendant Northland dated November 9, 2013. The November 9, 2013 collection letter from Defendant Northland was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the November 9, 2013 collection communication is attached hereto as Exhibit F and incorporated herein by reference.

27. The November 9, 2013 collection letter stated (a) the current account owner as LVNV Funding, LLC and the original creditor as HSBC Bank Nevada, N.A.; (b) the last four digits of the original account number as 3369; (c) the last four digits of Defendant Northland's account as 9128 and (4) the Plaintiff owed a balance of $929.85. See Exhibit F.

28. Thereafter, Mrs. Palmer received a subsequent collection letter from Defendant Northland. The January 24, 2014 collection letter from Defendant Northland was an additional

"communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the January 24, 2014 collection communication is attached hereto as Exhibit G and incorporated herein by reference.

29. The January 24, 2014 collection letter stated (a) the current account owner as LVNV Funding, LLC and the original creditor as HSBC Bank Nevada, N.A.; (b) the last four digits of the original account number as 3369; (c) the last four digits of Defendant Northland's account as 9128 and (4) the Plaintiff owed a balance of $941.23. See Exhibit G.

30. Again, Mrs. Palmer received a collection correspondence from Defendant Northland dated March 26, 2014. The March 26, 2014collection letter from Defendant Northland was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the March 26, 2014 collection communication is attached hereto as Exhibit F and incorporated herein by reference.

31. The March 26, 2014 collection letter stated (a) the current account owner as LVNV Funding, LLC and the original creditor as HSBC Bank Nevada, N.A.; (b) the last four digits of the original account number as 3369; (c) the last four digits of Defendant Northland's account as 9128 and (4) the Plaintiff owed a balance of $949.51. See Exhibit H.

32. Plaintiff has made no payments to the above-referenced account since the April 10, 2012 collection correspondence.

CAUSES OF ACTION
FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
UNFAIR PRACTICES

33. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 32 above as if set forth fully herein.

34. The acts of Defendants constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the collection of amounts neither expressly authorized by the agreement creating the debt nor permitted by law in a violation of 15 U.S.C. §1692f(1).

35. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the amount of $898.96 is demanded in Defendant Financial's April 17, 2013 collection correspondence (see Exhibit D) and then inexplicably increases four months later to $925.86 in Defendant Financial's October 17, 2013 collection correspondence[1] (See Exhibit E). In less than one month, the balance then increases to $929.85 via Defendant Northland's November 9, 2013 collection letter (see Exhibit F). There again, the balance increases to $941.23 in Defendant Northland's January 24, 2014 collection letter (see Exhibit G). Finally, the balance amount increases yet again without reason to $949.51 via Defendant Northland's March 26, 2014 collection letter (see Exhibit H).

36. A simple understanding of accruing interest shows that the amounts demanded by Defendants are a result of Defendants' efforts to keep Mrs. Palmer confused as to the amount owed since they are completely random and accrue incalculable rates of interest that are neither authorized in the agreement creating the debt nor permitted by law.

37. A calculation of the Defendants' demands of various balances on this account demonstrates interest accruing on the account at a rate of 9.452 annual percentage rate (APR) from the collection letter from AMP dated April 10, 2012 (See Exhibit A) seeking $833.82 to Defendant Northland's September 14, 2012 collection letter attempting to collect $867.72 (See Exhibit C).

---

[1] It should be noted that Defendant Financial's October 17, 2013 collection correspondence is the only collection correspondence received by Mrs. Palmer which specifies $770.65 as principal and $155.21 as interest.

38. Having said that, one of many violations incurred against Mrs. Palmer under the FDCPA is when Defendant Financial attempted to collect an unauthorized amount of $925.86 in its October 17, 2013 collection letter. See Exhibit E.

39. Said amount is $26.90 more than the previous collection correspondence sent from Defendant Financial dated April 17, 2013 whereby it attempted to collect $898.96. See Exhibit D.

40. This increased amount in relation to dates between collection correspondences sent by Defendant Financial correlates to an APR of 5.968.

41. Mrs. Palmer asserts that her interest rate on her HSBC Bank Nevada, N.A account ending in 3369 was never 5.968 APR.

42. Although the October 17, 2013 collection correspondence sent from Defendant Financial specified principal and interest balances, no such amounts were specified in Defendant Financial's April 17, 2013 collection correspondence. See Exhibits D and E.

43. Additionally, Defendant Northland committed multiple violations in its collection activity on behalf of its client, Defendant LVNV, when it attempted to collect unauthorized amounts from Mrs. Palmer.

44. Specifically, Defendant Northland attempted to collect unauthorized amounts of $929.85 via its collection correspondence dated November 9, 2013 (Exhibit F), $941.23 in its collection correspondence dated January 24, 2014 and $949.51 in its collection correspondence dated March 26, 2014 (See Exhibit H).

45. Although the balance amount increased $26.90 in six months from Defendant Financial's April 17, 2013 and October 17, 2013 collection letters, the balance amount then increases $3.99 in less than a month from Defendant Financial's October 17, 2013 collection

8

Case 3:14-cv-00378-PLR-HBG   Document 1   Filed 08/08/14   Page 8 of 13   PageID #: 8

letter to Defendant Northland's November 9, 2013 collection correspondence attempting to collect $929.85. See Exhibits E and F.

46. This increased amount in relation to collection dates of October 17, 2013 and November 9, 2013 correlates to a different APR of 6.839.

47. Mrs. Palmer asserts that her interest rate on her HSBC Bank Nevada, N.A account ending in 3369 was never 6.839 APR.

48. In Defendant Northland's subsequent collection correspondence dated January 24, 2014, the amount increases $11.38 from its prior correspondence dated November 9, 2013. See Exhibits F and G.

49. This increased amount in relation to collection dates of November 9, 2013 and January 24, 2014 correlates to a different APR of 5.878.

50. Mrs. Palmer asserts that her interest rate on her HSBC Bank Nevada, N.A account ending in 3369 was never 5.878 APR.

51. Defendant Northland again attempts to collect an inconsistent amount which is neither provided for in contract nor by law by attempting to collect $949.51 in its March 26, 2014 collection correspondence.

52. This is an amount correlates to a 5.264 APR from the January 24, 2014 collection letter demanding $941.23 to the March, 26, 2014 collection letter demanding $949.51.

53. Mrs. Palmer asserts that her interest rate on her HSBC Bank Nevada, N.A account ending in 3369 was never 5.264 APR.

54. By demanding amounts that increase at a rate of interest which is inconsistent with the contractual rate of interest, and increasing the amount sought on each consecutive collection communication, Defendants Financial and Northland has confused Mrs. Palmer as to

9

what amount of money she owes on this account.

55. Mrs. Palmer asserts that the constantly changing balances demanded by Defendants demonstrate that the Defendants do not have actual knowledge of the correct amount owed on this account, if any.

56. Mrs. Palmer asserts that the constantly changing balances demanded by Defendants demonstrate that the Defendants do not have actual knowledge of the correct amount of interest applicable to this account, if any.

57. Mrs. Palmer further asserts that Defendants are attempting to keep her confused as to the amount owed, so that if she were to make payments on this account, she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

58. Defendants' collection letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing, late charges and other charges may vary from day to day, and therefore even if she were to pay the full amount demanded of her, Defendants may still seek more from her in the future.

59. The collection letters from Defendants assert varying balances owed, and after calculating the time that had passed between the letters and the change in the amount demanded, it is obvious the interest and fees charged were not applied consistently and thus could not be in compliance with the original agreement creating the debt.

60. As a result of Defendants' actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

10
Case 3:14-cv-00378-PLR-HBG Document 1 Filed 08/08/14 Page 10 of 13 PageID #: 10

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE AMOUNT OF THE ALLEGED DEBT

61. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 62 above as if set forth fully herein.

62. The acts of Defendants constitute violations of the FDCPA. Violations by the Defendants of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A).

63. Each letter from Defendants demand a different amount from the Mrs. Palmer.

64. As more fully described in the first cause of action *supra*, a calculation of the time between Defendants' collection letters and the amounts sought shows that each and every collection effort has accrued a different amount of interest, and none of them applied the contractual rate of interest or an amount permissible by applicable law.

65. By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendants have confused Mrs. Palmer as to what amount of money is owed on this account.

66. Mrs. Palmer is confused as to who is owed and what amount on this account since the Plaintiff has received various collection letters with varying balances and non-contractual interest rates applied.

67. As a result of Defendants' actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

68. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 68 above as if set forth fully herein.

69. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT(S) AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant(s) to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 8th day of August, 2014.

PEGGY PALMER

BY: /s/ Brent Travis Strunk_____
Brent Travis Strunk (BPR 023050)
Attorney for Plaintiff

Brackett and Strunk, PLLC

12

1104 Merchants Drive, Suite 101
Knoxville, TN 37912
865-688-0868
(f) 865-688-2950
consumerbk@comcast.net